IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| § | | |
| **SPARTAN GROUP HOLDINGS,** § | | Case No. 23-42384 |
| **LLC,** *et al.,* § | | |
| § | | |
| Debtors[1] § | | Jointly Administered |
| § | | |
| § | | |
| § | | |
| § | | |
| **SPARTAN REINFORCING, LLC,** § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Adv. No. 24-04009 |
| § | | |
| **CADRE ATX, LLC D/B/A CADRE** § | | |
| **CONSTRUCTION and BOERSMA** § | | |
| **BROS., LLC,** § | | |
| § | | |
| Defendants § | | |

**DEFENDANT BOERSMA BROS., LLC's MOTION TO DISMISS UNDER
FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012 AND FEDERAL
RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

> **LBR 4001(a) NOTICE**
> Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.
>
> No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF

---

[1] The Debtors and the last four digits of their EINs are Spartan Group Holdings, LLC (5865), Spartan Concrete Construction, LLC (5378), Spartan Engineering Services, LLC (9172), Spartan Equipment Leasing, LLC (9972), Spartan Fabrication Services, LLC (1692). Spartan Metals Distribution, LLC (3800), Spartan Reinforcing, LLC (6811), and Spartan Valley Chili Road, LLC (1399).

> **SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection.**
>
> **If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, Defendant Boersma Bros, LLC d/b/a Dutch Bros. (Dutch Bros.) moves to dismiss Plaintiff Spartan Reinforcing, LLC's (Spartan) Complaint against it for "Suit to Foreclose on Liens and personal liability against Owner" (Count 5) and Turnover (Count 6), respectfully showing as follows:

## I. INTRODUCTION AND SUMMARY

Spartan asserts two claims in this case against Dutch Bros. Both should be dismissed because they do not give rise to a case or controversy for the Court to resolve. As such, the Court lacks subject matter jurisdiction to hear Spartan's claims, and dismissal is therefore required.

Should the Court examine the merits, it will find that Spartan's allegations are hypothetical, speculative claims that do nothing more than cite—incorrectly—a formulaic recitation of relevant law. As such, the Court should alternatively dismiss Spartan's allegations against Dutch Bros. for failure to state a claim upon which relief may be granted.

## II.    SPARTAN'S FACTUAL ALLEGATIONS

Spartan alleges that it entered into a "Subcontract" with CADRE ATX, LLC d/b/a CADRE Construction (Cadre) to perform concrete work in connection with the construction of a coffee shop owned by Dutch Bros. in Collin County, Texas (Project). Complaint, ¶ 7. Cadre is the general contractor for the Project. Spartan alleges Cadre owes an outstanding balance of $804,573.00 for work performed under the Subcontract. Complaint, ¶ 13. Spartan alleges Cadre breached the Subcontract by failing to pay these amounts and violated other construction-related statutes under Texas law.

Relevant to Dutch Bros., Spartan alleges it is "in the process of properly perfecting mechanic and materialman liens on the Project (the 'Liens')." Complaint, ¶ 15. Spartan does not attach any such lien or liens to its Complaint or identify any recorded liens on the Project at the time of filing. Nonetheless, Spartan alleges a cause of action against Dutch Bros. for "Suit to Foreclose on Liens and personal liability against Owner" (Count 5 of the Complaint), asking the Court to "issue an order foreclosing on the Liens, ordering the sale of property subject to the Liens, and seeks [sic] to recover costs and reasonably [sic] attorney's fees." Complaint, ¶ 46. Spartan again fails to identify the "Liens" upon which it seeks such relief or even allege the Liens are recorded or valid. Instead, Spartan only alleges "the Liens will be properly perfected pursuant to Chapter 53 of the Texas Property Code by the time this Adversary Proceeding is heard." Complaint, ¶ 45. Spartan further alleges that, because it "is a claimant on properly filed mechanic's liens, Spartan has the right to personal judgment against the Owner for funds improperly paid to Cadre."

Complaint, ¶ 47. Spartan does not, however, actually allege Dutch Bros. made any such "improper payments."

Confused by Spartan's allegations regarding its "Liens," counsel for Dutch Bros. searched the real property records of Collin County, Texas and discovered one lien that Spartan recorded against the Project on February 12, 2024—nine days before Spartan filed its Complaint. The lien purports to be in the amount of $1,028,951.90, which is more than $200,000 over the amount of Spartan's claim against Cadre in this lawsuit. Dutch Bros. has no way of knowing whether this February 12, 2024, lien is part of the "Liens" referenced in Spartan's Complaint, or indeed whether Spartan has recorded only one such "Lien."[2] Regardless, Spartan makes no reference to this lien and does not incorporate it into its Complaint.

### III.    LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 7012(b) incorporates the legal standard for dismissal of complaints set forth in Federal Rule of Civil Procedure 12(b). Dutch Bros. therefore brings this Motion under both Rule 12(b)(1)—for lack of subject matter jurisdiction, and Rule 12(b)(6)—for failure to state a claim upon which relief can be granted.

A. <u>Relevant Legal Standard Under Rule 12(b)(1)</u>

Rule 12(b)(1) requires dismissal of any claim over which a court lacks subject

---

[2] Dutch Bros. made a good faith effort to ask Spartan's counsel about this issue prior to filing this Motion. Counsel for Dutch Bros. sent an email to Debtor's counsel ***three weeks*** before Dutch Bros.' response deadline, asking, among other things, whether the February 12, 2024 lien constituted the "Liens" alleged in Spartan's Complaint. *See* Exhibit 1, March 6, 2024 email from J. Byrom to J. Vasek. Spartan's counsel wholly ignored this request.

matter jurisdiction. FED. R. CIV. P. 12(b)(6). A court lacks subject matter jurisdiction over a dispute when the plaintiff's allegations fail to raise an active case or controversy. U.S. Const. art. III, § 2; *John Doe # 1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004) ("Without an actual controversy, a federal court has no jurisdiction."). A case or controversy exists only if a court's judgments can "resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Veneman*, 380 F.3d at 814 (quoting *Preiser v. Newkirk,* 422 U.S.395, 401 (1975)). These principles apply to adversary proceedings brought in bankruptcy courts, despite the fact that bankruptcy courts operate outside the Article III context. *See, e.g.*, *In re Hunt*, 149 B.R. 96, 100 (Bankr. N.D. Tex 1992) (analyzing existence of case or controversy in accordance with Article III standards); *In re Okedokun*, 593 B.R. 469, 516 (Bankr. S.D. Tex. 2018) (same).

B. <u>Relevant Legal Standard Under Rule 12(b)(6)</u>

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted lawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A critical aspect of the *Twombly* and *Iqbal* framework involves the requirement that

the plaintiff assert "more than labels and conclusions." *Twombly*, 550 U.S. at 545. Accordingly, "a formulaic recitations of the elements of a cause of action will not do." *Id.*

## IV. ARGUMENT

### A. Spartan's Lien Foreclosure claim as pleaded does not present an active case or controversy.

Spartan alleges it is "in the process" of recording liens on the Project, and that by the time the Court "hears" this adversary proceeding, such liens will be "perfected." Because Spartan does not plead that it actually filed liens on the Project, and merely states it will do so at some future date, it presents to the Court a request for relief based on hypothetical events that may happen in the future. Distilled to its core, Spartan seeks an advisory opinion from the Court that, if Spartan presents the Court with properly perfected liens, the Court will order foreclosure. The United States Supreme Court has "disapproved" of such advisory opinions "from the beginning." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) (citing *Hayburn's Case*, 2 Dall. 409 (1792)). This Court lacks subject matter jurisdiction over Spartan's hypothetical claims, and such claims must therefore be dismissed.

### B. Spartan's Lien Foreclosure claim fails as a matter of law because Spartan fails to identify any lien subject to foreclosure.

Should the Court examine the merits, it should dismiss Spartan's lien foreclosure claim under Rule 12(b)(6). Because Spartan alleges that its so-called "Liens" have not been recorded at the time it filed its Complaint, its allegations against Dutch Bros. are conclusory and not supported by facts. For instance, Spartan alleges "the Liens will be properly perfected pursuant to Chapter 53 of the Texas Property Code." The term "properly

perfected" is a legal one—to perfect a lien under Chapter 53, a claimant must follow a series of steps within prescribed deadlines set forth in Subchapter C of the statute. *See generally* TEX. PROP. CODE §§ 53.052-057. Spartan does not, however, allege any facts demonstrating compliance with Chapter 53 to perfect its lien. Spartan fails to allege the amount of its lien claim, identify the date the lien was recorded, or identify any notices sent to the Owner as required by statute. Moreover, by not attaching any liens to its Complaint or identifying them by instrument number in the real property records, neither Dutch Bros. nor the Court has any ability to evaluate the liens themselves.[3] This method of pleading does not survive scrutiny under *Twombly* and *Iqbal*, and dismissal of this claim is required.

### C. Spartan's claim for "personal liability of Owner" is not ripe, depriving this Court of subject matter jurisdiction.

Spartan's Complaint further alleges that "because Spartan is a claimant on properly filed mechanic's liens, Spartan has a right to personal judgment against the Owner for funds improperly paid to Cadre." Complaint, ¶ 47. Spartan does not actually allege Dutch Bros. has "improperly paid" any funds to Cadre. Similar to its lien foreclosure claim, Spartan appears to be seeking an advisory ruling that if Dutch Bros. improperly paid any funds to Cadre, Dutch Bros. is personally liable for such amounts. The Court does not have subject matter jurisdiction over such hypothetical or advisory claims, and Spartan's "personal liability of Owner" claim should be dismissed for that reason alone.

---

[3] Assuming the lien Spartan recorded nine days prior to filing this Complaint is part of Spartan's claim in this lawsuit, that lien appears to be unperfected on its face, and a foreclosure action on that lien would also not withstand Rule 12 scrutiny. Because Spartan did not incorporate that lien into its Complaint, however, Dutch Bros. addresses only the claims as pleaded.

**D. Spartan's claim for "personal liability by Owner" fails as a matter of law because Spartan cannot plead essential elements of the claim.**

Spartan's claim that the Owner be held personally liable in this suit requires pleading multiple facts that Spartan omitted from its Complaint. Under Texas law, subcontractors can seek damages from a project owner under two distinct statutory schemes. The first stems from an owner's failure to withhold "reserved funds," a term also known previously as "statutory retainage." TEX. PROP. CODE § 53.102. The second concerns the "funds trapping" statute, set forth at TEX. PROP. CODE § 53.081, *et seq.* Spartan's Complaint appears to focus exclusively on the funds trapping statute. *See* Complaint, ¶ 47 (citing TEX. PROP. CODE § 53.084). Under the funds trapping statute, subcontractors can "trap" funds in the owner's possession that are otherwise payable to the general contractor due to claims of non-payment. TEX. PROP. CODE § 53.081. Once "trapped," the Owner cannot make further payment to the general contractor until the subcontractor's claim is resolved or paid. If the owner pays any "trapped" funds to the general contractor, the owner may be personally liable to the subcontractor up to the amount the owner improperly paid to the general contractor. *Id.* at § 53.084(b).

Instead of pleading the necessary facts to establish funds trapping liability, Spartan's allegations assume Dutch Bros. has personal liability for "trapped funds," simply by virtue of Spartan recording a lien on the Project. That allegation is (1) at odds with Spartan's contention that a lien has not yet been filed; and (2) not how the funds trapping statute works. To "trap" funds, a subcontractor must send a notice in a specific form prescribed by statute. TEX. PROP. CODE § 53.084(b) (referencing notice requirements contained in

Sections 53.056 and 53.057). Then, the subcontractor must perfect and secure its lien, which requires its own statutory steps. *Id.* If the subcontractor completes those steps, the owner can be personally liable if—and only if—the owner pays "trapped" funds to the general contractor at any point after the day the owner receives the initial notice. *Id.*

Spartan fails to allege any of these critical facts. It fails to plead whether it sent a proper funds trapping notice at all, let alone the date Spartan sent such notice. Spartan further fails to plead it perfected a lien claim for the reasons previously discussed. Spartan does not even allege Dutch Bros. *actually* paid any trapped funds. Taken together, Spartan fails to allege a proper "funds trapping" claim, and its claim for "personal liability by Owner" should be dismissed.

### E. Spartan's claim for Turnover fails because the rest of Spartan's claims against Dutch Bros. must be dismissed.

Finally, Spartan asks the Court to enter a turnover order against Dutch Bros. for any amounts Spartan recovers against Dutch Bros. in this action. Because all of Spartan's claims against Dutch Bros. must be dismissed, Spartan's turnover request must be dismissed as well because there is nothing for the Court to award.

### V. CONCLUSION

For the reasons stated herein, Defendant Boersma Bros. LLC d/b/a Dutch Bros. prays that this Court grant its Motion to Dismiss and wholly dismiss Dutch Bros. from this adversary proceeding.

Respectfully submitted,

**ALLENSWORTH & PORTER, LLP**
303 Colorado Street, Suite 2800
Austin, Texas 78701
(512) 708-1250  Telephone
(512) 708-0519  Facsimile


By: */s/ Jack E. Byrom*
    Jack E. Byrom
    State Bar No. 24082673
    jbyrom@allensworthlaw.com

-and-

**WEYCER, KAPLAN, PULASKI & ZUBER, PC**
2608 Hibernia, Suite 105
Dallas, Texas 75204-2514
(713) 341-1158  Telephone
(713) 961-5341  Facsimile

    Jeff Carruth
    State Bar No. 24001846
    jcarruth@wkpz.com

***ATTORNEYS FOR DEFENDANTS CADRE ATX, LLC D/B/A CADRE CONSTRUCTION AND BOERSMA BROS., LLC D/B/A DUTCH BROS.***

## CERTIFICATE OF SERVICE

On March 27, 2024, I hereby certify that a true and correct copy of the foregoing document was served upon all registered ECF users who have appeared in this case to date through the ECF noticing system:

Davor Rukavina
Julian P. Vasek
Munsch Hardt Kopf & Harr, PC
500 North Akard Street, Suite 4000
Dallas, Texas 75201
drukavina@munsch.com
jvasek@munsch.com
*Attorneys for Plaintiff Spartan Reinforcing, LLC*

                                               */s/ Jack E. Byrom*
                                               Jack E. Byrom